IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| VALENCELL, INC., | § | |
| | § | |
| Plaintiff and Counterclaim | § | |
| Defendant, | § | C.A. No. 5:16-cv-00002-D |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| FITBIT LLC, | § | |
| | § | |
| Defendant and Counterclaimant. | § | |

**MEMORANDUM OF LAW IN SUPPORT OF FITBIT LLC'S MOTION FOR DISMISSAL OF VALENCELL, INC.'S CLAIMS WITH PREJUDICE AND MOTION FOR VOLUNTARY DISMISSAL OF FITBIT'S COUNTERCLAIM I WITHOUT PREJUDICE**

## TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | Introduction | 1 |
| II. | Background | 1 |
| III. | Argument | 2 |
| | 1. The Court Should Dismiss Valencell's Claims—and Fitbit's Corresponding Counterclaims—with Prejudice | 2 |
| | 2. The Court Should Dismiss Fitbit's Counterclaim of Infringement Without Prejudice | 3 |
| IV. | Conclusion | 6 |

# TABLE OF AUTHORITIES

Page

### Cases

*Andersen Corp. v. Pella Corp.*,
   300 F. App'x 893 (Fed. Cir. 2008) ...................................................................................3

*Arnold v. Tradewind Flight Servs., Inc.*,
   No. 4:21-cv-91-BO, 2023 WL 3571919 (E.D.N.C. May 20, 2023) ..........................................5

*Bell v. Bank of Am.*,
   No. 5:12-cv-412-FL, 2013 WL 5408656 (E.D.N.C. Sept. 25, 2013) .........................................5

*CDX Diag., Inc. v. U.S. Endoscopy Group, Inc.*,
   No. 7:13-cv-05669 (SDNY Mar. 21, 2017), ECF No. 40...........................................................2

*Davis v. USX Corp.*,
   819 F.2d 1270 (4th Cir. 1987) ..................................................................................................3

*Fidelity Bank PLC v. N. Fox Shipping N.V.*,
   242 F. App'x 84 (4th Cir. 2007) ................................................................................................5

*GO Computer, Inc. v. Microsoft Corp.*,
   508 F.3d 170, 177 (4th Cir. 2007) .............................................................................................5

*Hale v. CNX Gas Co. LLC*,
   No. 1:10-cv-00059, 2017 WL 816147 (W.D. Va. Feb. 27, 2017)..............................................3

*Hobbs v. Kroger Co.*,
   No. 98-1831, 1999 WL 156045 (4th Cir. Mar. 23, 1999)..........................................................3

*Kenrose Mfg. Co. v. Fred Whitaker Co.*,
   512 F.2d 890 (4th Cir. 1972) ....................................................................................................3

*Pittman v. Barnhill Contracting Co.*,
   No. 4:15-cv-184-FL, 2016 WL 68333945, at *2 (E.D.N.C. Nov. 18, 2016).........................4, 5

*RPost Holdings, Inc. v. Vocus, Inc.*,
   No. 2:12-cv-00516-JRG (E.D. Tex. July 3, 2018), ECF No. 17................................................2

*Skinner v. First Am. Bank of Va.*,
   No. 93-2493, 1995 WL 507264, at *3 (4th Cir. Aug. 28, 1995) ...............................................4

### Other Authorities

Fed. R. Civ. P. 41(a)(1)(A)(ii) .............................................................................................................2

Fed. R. Civ. P. 41(a)(2)..........................................................................................................1, 2, 3, 5

Fed. R. Civ. P. 41(c) ................................................................................................................1, 3

## I. INTRODUCTION

Defendant Fitbit LLC ("Fitbit") respectfully moves the Court to dismiss **with prejudice** Valencell, Inc.'s ("Valencell") Counts I-IV, Infringement of U.S. Patent Nos. 8,923,941; 8,886,269; 8,929,965; and 8,989,830. Provided the Court dismisses Valencell's counts with prejudice, Fitbit further asks the Court to dismiss with prejudice Fitbit's corresponding Counterclaims II-IX for declaratory relief regarding Valencell's asserted patents. Fitbit also moves the Court to dismiss **without prejudice** Fitbit's Counterclaim I, Infringement of U.S. Patent No. 9,005,129 ("the '129 patent"), pursuant to Federal Rules of Civil Procedure 41(c) and 41(a)(2). Given no other claims remain in this action, Fitbit asks the Court to enter judgment in Fitbit's favor.

## II. BACKGROUND

On January 4, 2016, Valencell filed a Complaint (ECF No. 1) initiating this action against Fitbit. Fitbit filed its Answer on March 7, 2016 including a permissive counterclaim for Valencell's infringement of the '129 patent. ECF No. 16 at 9-11. Fitbit's remaining eight counterclaims sought declaratory relief regarding Valencell's asserted patents. *Id.* at 11-14. After the Court denied Valencell's Motion to Dismiss Fitbit's counterclaims (ECF No. 31), Valencell filed an Answer to Fitbit's counterclaims on June 11, 2016 (ECF No. 35).

On December 20, 2016, Fitbit moved to stay this action pending resolution of *Inter Partes* Review ("IPR") of all the asserted patents in this case before the Patent Trial and Appeal Board ("PTAB"). ECF No. 57. On June 28, 2017, the Court entered an Order (ECF No. 115) staying the case pending completion of the IPRs. The PTAB has since issued Final Written Decisions finding all asserted claims of Valencell's asserted patents unpatentable and denying Valencell's motions to amend the claims. On December 28, 2023, Valencell provided a Notice of Status Update (ECF No. 143) informing the Court that since the stay, "[a]ll of Valencell's asserted patents

against Fitbit have now been deemed unpatentable by the PTAB and those determinations affirmed by the Federal Circuit. Plaintiff has no further claims to prosecute against Fitbit." *Id.* at 2. Valencell also admitted that "[t]he sole remaining claim in this matter is Fitbit's counterclaim asserting U.S. Patent No. 9,005,129 against Valencell." *Id.*

III. <u>ARGUMENT</u>

1. **<u>The Court Should Dismiss Valencell's Claims—and Fitbit's Corresponding Counterclaims—with Prejudice</u>**

Fitbit respectfully asks the Court to dismiss all of Valencell's claims with prejudice.[1] As Valencell explains in the status report it recently submitted to the Court, "[a]ll of Valencell's asserted patents against Fitbit have now been deemed unpatentable by the PTAB and those determinations affirmed by the Federal Circuit. Plaintiff has no further claims to prosecute against Fitbit." ECF No. 143, at 2. Accordingly, Fitbit asks the Court to dismiss with prejudice all of Valencell's claims. *See* Ex. A, *RPost Holdings, Inc. v. Vocus, Inc.*, No. 2:12-cv-00516-JRG (E.D. Tex. July 3, 2018), ECF No. 17, at *3 (granting motion to dismiss with prejudice after "all of the asserted claims of the patents-in-suit ha[d] been invalidated"); Ex. B, *CDX Diag., Inc. v. U.S. Endoscopy Group, Inc.*, No. 7:13-cv-05669 (SDNY Mar. 21, 2017), ECF No. 40, at *3 ("CDx's claim of infringement . . . is dismissed with prejudice in light of the decision by the PTAB invalidating these claims."). Provided the Court dismisses Valencell's claims with prejudice, Fitbit further asks the Court to dismiss Fitbit's corresponding counterclaims (Counts II-IX)—which

---

[1] Fitbit requested Valencell's cooperation in stipulating, under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), to (1) dismissing all of Valencell's claims and Fitbit's corresponding counterclaims II-IX with prejudice and (2) voluntarily dismissing Fitbit's counterclaim I without prejudice. A stipulation of the parties would have avoided the need for the Court to consider this issue and enter an order. However, Valencell refuses to stipulate unless Fitbit waives a potential motion for costs and fees and further agrees to dismiss its counterclaim I with prejudice. Accordingly, Fitbit must pursue dismissal under Rule 41(a)(2).

sought declaratory relief of non-infringement and invalidity of Valencell's now-invalid patents—with prejudice as well.

2. **The Court Should Dismiss Fitbit's Counterclaim of Infringement Without Prejudice**

Fitbit further asks the Court to dismiss Fitbit's counterclaim of infringement of the '129 patent (Count I)—the sole remaining counterclaim in this case—without prejudice. Federal Rule of Civil Procedure 41(a)(2), which governs requests for voluntary dismissal by court order, states that "[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." While Rule 41(a)(2) refers to a plaintiff's motion, the Fourth Circuit has found that in light of Rule 41(c), 41(a)(2) refers equally to a defendant seeking voluntary dismissal of a counterclaim. *See Hale v. CNX Gas Co. LLC*, No. 1:10-cv-00059, 2017 WL 816147, at *2 n.2 (W.D. Va. Feb. 27, 2017) (citing *Kenrose Mfg. Co. v. Fred Whitaker Co.*, 512 F.2d 890, 895 n.14 (4th Cir. 1972)). Because dismissal without prejudice is a procedural question, the law of the regional circuit applies. *See Andersen Corp. v. Pella Corp.*, 300 F. App'x 893, 900 (Fed. Cir. 2008). The Fourth Circuit has stated "[t]he purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987).

In ruling on a Rule 41(a)(2) motion for dismissal without prejudice, a district court is to consider "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a dispositive motion is pending." *Hale*, 2017 WL 816147, at *2 (quoting *Hobbs v. Kroger Co.*, No. 98-1831, 1999 WL 156045, at *1 (4th Cir. Mar. 23, 1999)). All four factors weigh in favor of Fitbit's voluntary dismissal of its infringement counterclaim without prejudice.

First, the case was stayed immediately after the PTAB instituted the IPR—prior to expert

discovery and dispositive motions—thereby limiting the parties' effort and expenses. Moreover, what effort and expenses were incurred were primarily done with respect to Valencell's claims and Fitbit's eight counterclaims for declaratory relief of non-infringement and invalidity of Valencell's patents. *See* ECF Nos. 1, 22, 35, 43, 51, 54, 60. Indeed, a review of the docket, IPRs, and Federal Circuit appeals shows that the entirety of the IPRs and appellate proceedings, and a majority of discovery in this case, were focused on Valencell's patents and claims, not Fitbit's counterclaim for infringement.[2]

Second, Fitbit did not unduly delay or lack diligence in seeking this relief. Fitbit is filing the instant motion to dismiss following the mandate from the Federal Circuit affirming the invalidity of Valencell's patents as well as Valencell's status report explaining to the Court that its claims have been invalidated and Fitbit's counterclaim is the sole remaining issue in this case.

Third, Fitbit is justified in filing this motion. Although Fitbit's claim for infringement of the '129 patent is strong—evidenced by (1) the detailed infringement contentions that Fitbit served on Valencell that show Valencell's products practice the adaptive heart-rate monitoring technology claimed by the '129 patent and (2) Valencell's decision not to file an IPR asking the PTAB to invalidate the '129 patent—Fitbit nevertheless seeks voluntary dismissal without prejudice because Counterclaim I is the last surviving claim in this action and would clear the path for the Court to close the case. This is not a situation in which Fitbit is anticipating an adverse ruling on its counterclaim and is using voluntary dismissal as pretext to avoid that ruling. *See Pittman v. Barnhill Contracting Co.*, No. 4:15-cv-184-FL, 2016 WL 68333945, at *2 (E.D.N.C. Nov. 18,

---

[2] Moreover, even had Valencell taken extensive discovery into Fitbit's counterclaim, the Fourth Circuit has explained that "extensive discovery is not prejudicial when the results of discovery may be used in a subsequent action." *Skinner v. First Am. Bank of Va.*, No. 93-2493, 1995 WL 507264, at *3 (4th Cir. Aug. 28, 1995).

2016) (explaining that a purpose of Rule 41(a)(2) is to "prevent[] plaintiffs from litigating, losing, and then wiping the slate clean by voluntarily dismissing their action" (quoting *GO Computer, Inc. v. Microsoft Corp.*, 508 F.3d 170, 177 (4th Cir. 2007))). Rather, Fitbit merely seeks to end this case—after having successfully defeated Valencell's frivolous infringement allegations—while also preserving its right to assert infringement of the '129 patent in response to any future action that Valencell might bring. Additionally, as discussed above, given the stage of the proceedings, Valencell will not be prejudiced by dismissal.

Fourth, there are no pending motions with respect to Fitbit's infringement counterclaim, the case has been stayed since the close of fact discovery and prior to any dispositive motions being filed, and all of Valencell's claims have failed. ECF No. 143. Accordingly, this is an opportune time to dismiss Fitbit's infringement counterclaim without prejudice.

Dismissal without prejudice is therefore appropriate here, as exemplified by other cases in this circuit. In *Fidelity Bank*, for example, the Fourth Circuit affirmed dismissal of claims without prejudice even though a fully briefed motion for summary judgment on those claims was pending. *Fidelity Bank PLC v. N. Fox Shipping N.V.*, 242 F. App'x 84, 89–90 (4th Cir. 2007). In *Arnold*, the court dismissed the action without prejudice even though the parties had already engaged in "extensive discovery." *Arnold v. Tradewind Flight Servs., Inc.*, No. 4:21-cv-91-BO, 2023 WL 3571919, at *1 (E.D.N.C. May 20, 2023). And in *Bell*, the court voluntarily dismissed the case despite "recogniz[ing] the inconvenience to defendants, and costs incurred in defending against plaintiff's claims." *Bell v. Bank of Am.*, No. 5:12-cv-412-FL, 2013 WL 5408656, at *2 (E.D.N.C. Sept. 25, 2013). Here, there are no pending motions for summary judgment, discovery into Fitbit's counterclaim has been limited, and Valencell has experienced minimal inconvenience from Fitbit's counterclaim. Fitbit therefore asks the Court to dismiss Counterclaim I without prejudice.

5

Case 5:16-cv-00002-D    Document 145    Filed 04/26/24    Page 9 of 11

## IV. CONCLUSION

For the foregoing reasons, Fitbit respectfully moves this Court to dismiss Valencell's Claims I-IV with prejudice. Provided the Court dismisses these claims with prejudice, Fitbit asks the Court to further dismiss Fitbit's corresponding Counts II-IX with prejudice. Fitbit also moves the Court to dismiss Fitbit's Counterclaim I without prejudice. Given no other claims remain in this action, Fitbit asks the Court to enter judgment in Fitbit's favor.

April 26, 2024                              Respectfully submitted,

/s/ Sam Stake

Robert C. Van Arnam (N.C. Bar No. 28838)
Williams Mullen, P.C.
301 Fayetteville Street, Suite 1700
Raleigh, North Carolina 27601
Telephone:     919-981-4015
Facsimile:     919-981-4300
rvanarnam@williamsmullen.com
North Carolina State Bar No. 28838

Kevin P.B. Johnson (Cal. State Bar No. 177129)
Quinn Emanuel Urquhart & Sullivan
555 Twin Dolphin Dr.,
Redwood City, CA 94065
Telephone:     650-801-5000
Facsimile:     650-801-5100
kevinjohnson@quinnemanuel.com

Sam Stake (Cal. State Bar No. 257916)
Quinn Emanuel Urquhart & Sullivan
50 California St #22,
San Francisco, CA 94111
Telephone:     415-875-6600
Facsimile:     415-875-6700
samstake@quinnemanuel.com
grantmargeson@quinnemanuel.com
michaelbruns@quinnemanuel.com

*Attorneys for Fitbit LLC*