IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| VALENCELL, INC., | § | |
| | § | |
| Plaintiff and Counterclaim | § | |
| Defendant, | § | C.A. No. 5:16-cv-00002-D |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| FITBIT LLC, | § | |
| | § | |
| Defendant and Counterclaimant. | § | |

**FITBIT LLC'S MEMORANDUM IN SUPPORT OF BILL OF COSTS**

## I. INTRODUCTION

Defendant Fitbit LLC ("Fitbit"), pursuant to 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d)(1), and Local Rule 54.1, moves the Court for an order taxing Plaintiff Valencell, Inc. ("Valencell") the sum of $47,722.83, representing the recoverable costs incurred by Fitbit as the prevailing party in this action. There is no disputing that Fitbit is the prevailing party in this case. The defendant in a patent case is the prevailing party where, as here, the Patent Trial and Appeal Board invalidates the asserted claims, the Federal Circuit affirms, and the parties accordingly stipulate to dismiss the plaintiff's claims with prejudice. *United Cannabis Corp. v. Pure Hemp Collective Inc.*, 66 F.4th 1362, 1368 (Fed. Cir. 2023). As the prevailing party, Fitbit provides sworn declarations and an accounting of costs showing that the costs incurred by Fitbit were "necessarily obtained for use in the case," as required by 28 U.S.C. § 1920(2). This Court's case law confirms that the costs requested by Fitbit are taxable, as discussed below. Fitbit therefore respectfully requests the Court grant Fitbit's motion for $47,722.82 in costs.

## II. FACTUAL BACKGROUND

On January 4, 2016, Valencell filed its complaint against Fitbit alleging infringement of four patents. ECF No. 1. Fitbit responded with defenses of invalidity and non-infringement and counterclaimed against Valencell for infringement of one patent. ECF No. 16.

On the same day it sued Fitbit, Valencell also filed suit against Apple, asserting the same four patents. Case No. 5:16-cv-00001-D, ECF No. 1 (E.D.N.C.). In November 2016, Apple filed petitions for Inter Partes Review ("IPR") to the Patent Trial and Appeal Board ("PTAB"), challenging all claims of these patents. Fitbit joined the IPRs and moved for a stay pending resolution of Apple's IPRs on December 20, 2016. ECF No. 57. Valencell opposed the stay, leading to extensive discovery and motion practice over the next six months. ECF No. 59. In June

2017, the PTAB instituted all the IPRs, and the Court granted a stay pending their resolution. ECF No. 115.

The PTAB ultimately found all asserted claims of Valencell's patents unpatentable. ECF No. 143 (Valencell's Status Update). The Federal Circuit affirmed these decisions, leaving Valencell with no further claims against Fitbit in this action. *Id.* Following these IPR outcomes, the only remaining claim in this case was Fitbit's counterclaim for infringement. *Id.* On May 22, 2024, Valencell stipulated to dismiss with prejudice all of its claims across its asserted patents. ECF No. 147. As part of the stipulation, Fitbit agreed to dismiss its remaining counterclaim without prejudice. *Id.*

### III. ARGUMENT

#### A. Fitbit Is the Prevailing Party

Fitbit is the prevailing party and the court should award $47,722.83 in taxable costs. Under 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d), and Local Rule 54.1, a prevailing party may request the clerk to tax allowable costs as part of a judgment. A "prevailing party" is one in whose favor a judgment is rendered or one who has been awarded some relief by the court. *Silicon Knights, Inc. v. Epic Games, Inc.*, 917 F. Supp. 2d 503, 509 (E.D.N.C. 2012) (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Servs.*, 532 U.S. 598, 602 (2001)).

In patent cases, the defendant is the prevailing party if the patentee can never again assert the same claims against the same accused products *United Cannabis Corp.*, 66 F.4th at 1368. Here, Fitbit is the prevailing party because the PTAB invalidated all asserted claims and the Federal Circuit affirmed those written decisions. *Dragon Intellectual Prop., LLC v. Dish Network LLC*, 956 F.3d 1358, 1361–62 (Fed. Cir. 2020); *B.E. Tech., LLC v. Facebook, Inc.*, 940 F.3d 675, 679 (Fed. Cir. 2019). The parties' subsequent stipulation to dismiss Valencell's claims with prejudice (ECF No. 147) also supports a cost award because it ensures that Valencell "can never

3

again assert the same patents against [the] same accused products." *United Cannabis Corp.*, 66 F.4th at 1368; *see also Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1035 (Fed. Cir. 2006) (determining that the defendant was the prevailing party because the "voluntary filing of [a] covenant" by the parties "was designed to be judicially enforceable" and resulted in dismissal of the plaintiff's claims with prejudice). Accordingly, Fitbit is entitled to a taxation of costs as the prevailing party.

B.   **Costs Sought By Fitbit Are Taxable**

As detailed below, Fitbit requests a total of $47,722.83 in costs. Taxable costs under § 1920 include, among others, fees for printed or electronically recorded transcripts necessarily obtained for use in the case and court reporter fees. *Howard v. College of the Albemarle*, No. 2:15-CV-39-D, 2017 WL 3754620, at *1 (E.D.N.C. Aug. 29, 2017); *Earp v. Novartis Pharm. Corp.*, No. 5:11-CV-680-D, 2014 WL4105678, at *1 (E.D.N.C. Aug.19, 2014). Each of the costs sought by Fitbit are accurate, correct, and were necessarily incurred in the case.

1.   **Fees for Printed and Electronically Recorded Transcripts Necessarily Obtained for Use in the Case, 28 U.S.C. § 1920(2)**

The court should award costs incurred by Fitbit for the transcripts of depositions taken in this case. Transcript costs are taxable if they are "necessarily obtained for use in the case," 28 U.S.C. § 1920(2), and "reasonably necessary at the time of its taking." *LaVay Corp. v. Dominion Federal Savings & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987). "It is not necessary for depositions to be used in trial or dispositive motion briefing for a party to recover those costs [under §1920(2)]." *Ray Commc'ns, Inc. v. Clear Channel Commc'ns*, 2011 WL 3207805, at *3 (E.D.N.C. July 26, 2011). Rather, "necessarily obtained for use in the case" under § 1920(2) includes the taxation of materials obtained for use in discovery or for trial preparation. *Country Vintner of N.C., LLC v. E.&J. Gallo Winery, Inc.*, 718 F.3d 249, 257-58 (4th Cir. 2013). Fitbit

4

incurred $33,821.58 in taxable costs for deposition transcripts of the following individuals, which were necessarily obtained for use in the case. Decl. of Sam Stake at ¶7; Ex. 1.

| Cost | Deposition | Reasons Why Transcripts Were Necessarily Obtained for Use in This Case |
|---|---|---|
| $1,010.86 | Deposition Transcript of Jacob Fraden - 5/15/17 | Third-party witness who testified regarding prior art related to Valencell's asserted patents. |
| $3,159.57 | Deposition Transcript of Jesse B. Tucker, Ph.D. - 5/18/17 | Valencell's Vice President of Engineering and a named inventor on Valencell's asserted patents who testified regarding the scope of the asserted patents and purported inventions. |
| $3,825.66 | Deposition Transcript of Michael Aumer, Ph.D. - 5/23/17 | Valencell's Vice President of Product Management and a named inventor on Valencell's asserted patents who testified regarding the scope of the asserted patents and purported inventions. |
| $4,233.52 | Deposition Transcript of Mark Felice - 5/24/17 | Valencell's Vice President of Business Development and Licensing who testified regarding Valencell's business operations and licensing of Valencell's asserted patents. |
| $3,234.36 | Deposition Transcript of Steven LeBeouf, Ph.D. - 5/24/17 | Valencell's President and a named inventor on Valencell's asserted patents who testified regarding Valencell's business operations, products, and licensing of the asserted patents. |

5

| | | |
|---|---|---|
| $1,363.56 | Deposition Transcript of Erich Walker Faust - 5/25/17 | Third-party witness who testified regarding prior art related to Valencell's asserted patents. |
| $2,198.36 | Deposition Transcript of Todd Ackman – 5/25/17 | Valencell's President of Finance who testified regarding sales of Valencell's products, licensing revenue, marketing expenses, and valuation of the Valencell asserted patents. |
| $1,671.23 | Deposition Transcript of David M. Quong - 5/26/17 | Fitbit's Vice President of Finance deposed by Valencell regarding financial information regarding Fitbit's products. |
| $2,979.60 | Deposition Transcript of Steven Just - 5/31/17 | Valencell employee and a named inventor on Valencell's asserted patents who testified regarding the scope of Valencell's asserted patents and purported inventions. |
| $2,202.85 | Deposition Transcript of Lindsay Cook - 5/31/17 | Fitbit's Director of Product Marketing deposed by Valencell regarding marketing of Fitbit's products. |
| $2,577.24 | Deposition Transcript of Subramaniam Venkatraman - 5/31/17 | Fitbit's Lead Research Scientist and a named inventor on asserted patent deposed by Valencell regarding the design and operation of Fitbit's products and patented technology. |
| $2,816.52 | Deposition Transcript of Ryan Kraudel - 6/01/17 | Valencell's Vice President of Marketing who testified regarding Valencell's products and on licensing of the Valencell patents. |

| | | |
|---|---|---|
| $886.45 | Deposition Transcript of Edward M. Scal - 6/02/17 | Fitbit's Chief Business Officer deposed by Valencell regarding Fitbit's business operations and Fitbit's communications with Valencell. |
| $1,661.80 | Deposition Transcript of Shelten Gee Jao Yuen - 6/02/17 | Fitbit's Director of Research and Development and a named inventor on asserted patent deposed by Valencell regarding the design and operation of Fitbit's products and patented technology. |

2. <u>Fees for Court Reporter and Videographers in Depositions Necessarily Obtained for Use in the Case, 28 U.S.C. § 1920(2)</u>

The court should also award costs incurred by Fitbit for the court reporters and videographer services for depositions taken in this case. A party may recover the costs of both stenographic transcription of a deposition and videographer services provided that the party shows that both costs were "necessarily obtained for use in the case." *See Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 449 (4th Cir. 1999). Where a party notices a deposition to be recorded by both electronic and stenographic means, and the other party raises no objection at that time, the court can award the costs of both recordings. *See Silicon Knights, Inc.*, 917 F. Supp. 2d at 511 (awarding the prevailing party costs of both audiovisual videotaping and stenographic transcription of depositions where the other party failed to object after receiving notice that both methods of recording would be used and where the court found "that transcribing and videotaping the depositions were 'necessarily obtained for use in the case'"). Fitbit incurred $13,951.25 in taxable costs for the audiovisual videotaping of the depositions which were noticed to be taken by both electronic and stenographic means and Valencell did not raise an objection. *See* Ex. 1; Stake Decl. at ¶8.

| Cost | Deposition | Reasons Why Video Depositions Were Necessarily Obtained for Use in This Case |
|---|---|---|
| $681.00 | Video Deposition of Jacob Fraden - 5/15/17 | Third-party witness who testified regarding prior art related to Valencell's asserted patents. |
| $1,506.00 | Video Deposition of Jesse B. Tucker, Ph.D. - 5/18/17 | Valencell's Vice President of Engineering and a named inventor on Valencell's asserted patents who testified regarding the scope of the asserted patents and purported inventions. |
| $1,581.00 | Video Deposition of Michael Aumer, Ph.D. - 5/23/17 | Valencell's Vice President of Product Management and a named inventor on Valencell's asserted patents who testified regarding the scope of the asserted patents and purported inventions. |
| $1,359.00 | Video Deposition of Mark Felice - 5/24/17 | Valencell's Vice President of Business Development and Licensing who testified regarding Valencell's business operations and licensing of Valencell's asserted patents. |
| $1,827.75 | Video Deposition of Steven LeBeouf, Ph.D. - 5/24/17 | Valencell's President and a named inventor on Valencell's asserted patents who testified regarding Valencell's business operations, products, and licensing of the asserted patents. |
| $478.00 | Video Deposition of Erich Walker Faust - 5/25/17 | Third-party witness who testified regarding prior art related to Valencell's asserted patents. |

| | | |
|---|---|---|
| $1,359.00 | Video Deposition of Todd Ackman - 5/25/17 | Valencell's President of Finance who testified regarding sales of Valencell's products, licensing revenue, marketing expenses, and valuation of the Valencell asserted patents. |
| $778.00 | Video Deposition of David M. Quong - 5/26/17 | Fitbit's Vice President of Finance deposed by Valencell regarding financial information regarding Fitbit's products. |
| $1,075.00 | Video Deposition of Steven Just - 5/31/17 | Valencell employee and a named inventor on Valencell's asserted patents who testified regarding the scope of Valencell's asserted patents and purported inventions. |
| $456.00 | Video Deposition of Lindsay Cook 5/31/17 | Fitbit's Director of Product Marketing deposed by Valencell regarding marketing of Fitbit's products. |
| $718.50 | Video Deposition of Subramaniam Venkatraman - 5/31/17 | Fitbit's Lead Research Scientist and a named inventor on asserted patent deposed by Valencell regarding the design and operation of Fitbit's products and patented technology. |
| $1,431.00 | Video Deposition of Ryan Kraudel - 6/01/17 | Valencell's Vice President of Marketing who testified regarding Valencell's products and on licensing of the Valencell patents. |
| $207.50 | Video Deposition of Edward M. Scal - 06/02/17 | Fitbit's Chief Business Officer deposed by Valencell regarding Fitbit's business operations and Fitbit's communications with Valencell. |
| $493.50 | Video Deposition of Shelten Gee Jao Yuen 6/2/17 | Fitbit's Director of Research and Development and a named |

|  |  | inventor on asserted patent deposed by Valencell regarding the design and operation of Fitbit's products and patented technology. |

The total taxable costs incurred by Fitbit for deposition transcripts and audiovisual videotaping depositions necessarily obtained for use in the case was $47,722.83.

## IV. CONCLUSION

For the foregoing reasons, the Court should award Fitbit $47,722.83 in taxable costs.

July 19, 2024                                                  Respectfully submitted,


                                                               */s/ Robert C. Van Arnam*
                                                               _____

                                                               Robert C. Van Arnam (N.C. Bar No. 28838)
                                                               Williams Mullen, P.C.
                                                               301 Fayetteville Street, Suite 1700
                                                               Raleigh, North Carolina 27601
                                                               Telephone:   919-981-4015
                                                               Facsimile:   919-981-4300
                                                               rvanarnam@williamsmullen.com
                                                               North Carolina State Bar No. 28838

                                                               Kevin P.B. Johnson (Cal. State Bar No. 177129)
                                                               Quinn Emanuel Urquhart & Sullivan
                                                               555 Twin Dolphin Dr.,
                                                               Redwood City, CA 94065
                                                               Telephone:   650-801-5000
                                                               Facsimile:   650-801-5100
                                                               kevinjohnson@quinnemanuel.com

                                                               Sam Stake (Cal. State Bar No. 257916)
                                                               Quinn Emanuel Urquhart & Sullivan
                                                               50 California St #22,
                                                               San Francisco, CA 94111
                                                               Telephone:   415-875-6600
                                                               Facsimile:   415-875-6700
                                                               samstake@quinnemanuel.com
                                                               grantmargeson@quinnemanuel.com
                                                               michaelbruns@quinnemanuel.com

                                                               *Attorneys for Fitbit LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| VALENCELL, INC., §<br>§<br>   Plaintiff and Counterclaim §<br>   Defendant, §<br>§<br>v. §<br>§<br>FITBIT LLC, §<br>§<br>   Defendant and Counterclaimant. § | **CERTIFICATE OF SERVICE** |

I hereby certify that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which pursuant to Local Civil Rule 4.1(e), constitutes service on counsel of record for Plaintiff.

Dated: July 19, 2024             Respectfully submitted,

                                               */s/ Sam Stake*

                                               Sam Stake