IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-2-D

| | | |
|---|---|---|
| VALENCELL, INC., | ) | |
|     Plaintiff and Counterclaim Defendant, | ) ) ) ) | |
| v. | ) | **ORDER** |
| FITBIT LLC, | ) ) ) | |
|     Defendant and Counterclaimant. | ) ) ) | |

On July 19, 2024, Fitbit LLC ("Fitbit" or "defendant") moved for costs [D.E. 148]. Valencell, Inc. ("Valencell" or "plaintiff") timely responded in opposition [D.E. 150]. Fitbit filed a reply one day late [D.E. 152], along with a consent motion for an extension of time [D.E. 151]. The court grants the consent motion for an extension of time, and Fitbit's reply is deemed timely filed. As explained below, the court grants in part Fitbit's motion for costs and awards Fitbit $27,866.10 in costs.

I.

On January 4, 2016, Valencell filed a complaint against Fitbit alleging infringement of U.S. Patent Nos. 8,923,941 ("the '941 patent"), 8,886,269 ("the '269 patent"), 8,929,965 ("the '965 patent"), and 8,989,830 ("the '830 patent") [D.E. 1]. That same day, Valencell filed another complaint, asserting claims against Apple, Inc., ("Apple") for infringement of the same four patents. See Valencell, Inc. v. Apple, Inc., 5:16-CV-1. On March 7, 2016, Fitbit answered, asserting defenses of invalidity and non-infringement, counterclaims seeking declaratory relief as

to Valencell's asserted patents, and a permissive counterclaim for Valencell's infringement of U.S. Patent No. 9,005,129 ("the '129 patent") [D.E. 16].

In November 2016, Apple filed petitions for inter partes review ("IPR") with the Patent Trial and Appeal Board ("PTAB"), challenging the validity of Valencell's asserted claims. Fitbit joined Apple in the IPR and moved to stay this action pending resolution of the IPR at the PTAB [D.E. 57]. On June 28, 2017, the court granted the motion to stay pending the completion of the IPR [D.E. 115].

On December 28, 2023, Valencell filed a status report stating that the PTAB found all its asserted patents against Fitbit were unpatentable and that the United States Court of Appeals for the Federal Circuit Court affirmed the PTAB's determinations [D.E. 143]. Valencell also stated that "[t]he sole remaining claim in this matter is Fitbit's counterclaim asserting [the '129 patent] against Valencell." Id.

On April 26, 2024, Fitbit moved to dismiss (1) Valencell's claims with prejudice, (2) Fitbit's counterclaims seeking declaratory relief with prejudice, and (3) Fitbit's counterclaim for infringement of its '129 patent without prejudice [D.E. 144]. On May 22, 2024, before the motion to dismiss became ripe, the parties filed a joint stipulation of dismissal under Federal Rules of Civil Procedure 41(a)(1)(A)(ii) and 41(c)(1). See [D.E. 147]. Specifically, the parties stipulated to: (1) the dismissal of Valencell's claims with prejudice; (2) the dismissal of Fitbit's counterclaims for declaratory relief with prejudice; and (3) the dismissal Fitbit's counterclaim for patent infringement without prejudice. Id. On July 19, 2024, Fitbit filed its motion for costs.

II.

Federal Rule of Civil Procedure 54(d)(1) governs a post-judgment motion for an award of costs and provides that "costs—other than attorney's fees—should be allowed to the prevailing

2

party." Fed. R. Civ. P. 54(d)(1). A "prevailing party" ordinarily is "a party in whose favor a judgment is rendered" or "one who has been awarded some relief by the court." Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 603 (2001) (quotation and alteration omitted); see Lackey v. Stinnie, No. 23-621, 2025 WL 594737, at *4–6 (U.S. Feb. 25, 2025). In patent actions, when a plaintiff stipulates to dismiss its claims with prejudice, the defendant is the "prevailing party." See United Cannabis Corp. v. Pure Hemp Collective, Inc., 66 F. 4th 1362, 1368 (Fed. Cir. 2023); B.E. Tech., L.L.C. v. Facebook, Inc. 940 F.3d 675, 677–79 (Fed. Cir. 2019). Rule 54(d)(1) creates "a presumption in favor of an award of costs to the prevailing party." Teague v. Bakker, 35 F.3d 978, 996 (4th Cir. 1994); see Delta Air Lines, Inc. v. August, 450 U.S. 346, 352 (1981); Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999).

Congress has identified costs the court may award to a prevailing party. See 28 U.S.C. § 1920; Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441–43 (1987), superseded by statute on other grounds, 42 U.S.C. § 1988(c); Herold v. Hajoca Corp., 864 F.2d 317, 323 (4th Cir. 1988).[1] Local

---

[1] Costs under section 1920 include:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 . . . ;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services . . . .

28 U.S.C. § 1920.

3

Civil Rule 54.1 "further refines the scope of recoverable costs." Howard v. Coll. of the Albemarle, No. 2:15-CV-39, 2017 WL 3754620, at *1 (E.D.N.C. Aug. 29, 2017) (unpublished); Earp v. Novartis Pharm. Corp., No. 5:11-CV-680, 2014 WL 4105678, at *1 (E.D.N.C. Aug. 19, 2014) (unpublished); see Local Civ. R. 54.1.[2]

The parties agree that Fitbit is the prevailing party. The parties, however, disagree whether Fitbit's motion for costs is timely under Local Civil Rule 54.1. That rule provides that a prevailing party may request the clerk to tax allowable costs as part of a judgment or decree "within 30 days after . . . the expiration of time allowed for appeal of a final judgment or decree." Local Civ. R. 54.1(a)(1)(A). "The failure of a prevailing party to timely file a bill of costs shall constitute a waiver of any claim for costs." Local Civ. R. 54.1(a)(3).

---

[2] Local Civil Rule 54.1(d)(1) provides a non-exhaustive list of recoverable costs:

> (a) those items specifically listed on the bill of costs form. The costs incident to the taking of depositions (when allowable as necessarily obtained for use in the litigation) normally include only the reporter's fee and charge for the original transcript of the deposition;
> (b) premiums on required bonds;
> (c) actual mileage, subsistence, and attendance allowances for necessary witnesses at actual costs, but not to exceed the applicable statutory rates, whether they reside in or out of the district;
> (d) one copy of the trial transcript for each unrepresented person and one copy for each party represented by a separate attorney.

Local Civ. R. 54.1(d)(1). Local Civil Rule 54.1(d)(2) also identifies items "normally not taxed, without limitation" as

> (a) witness fees, subsistence, and mileage for individual parties, real parties in interest, parties suing in representative capacities, and the officers and directors of corporate parties;
> (b) multiple copies of depositions;
> (c) daily copy of trial transcripts, unless prior court approval has been obtained.

Local Civ. R. 54.1(d)(2).

4

Valencell contends that the stipulation of dismissal with prejudice of May 22, 2024, functions as a final judgment and that neither party in this action had a viable right to file a notice of appeal concerning that judgment. See [D.E. 150] 4–5. Thus, according to Valencell, filing the stipulation of dismissal on May 22, 2024, equaled the expiration of time allowed for appeal and thereby gave Fitbit until June 21, 2024, under Local Civil Rule 54.1(a)(1)(A) to file its motion for costs. See id. at 5. Because Fitbit did not file its motion for costs until July 19, 2024, Valencell asks the court to deny Fitbit's motion as untimely.

Fitbit responds that its motion for costs is timely because the court had not entered a final judgment as a separate document before Fitbit filed its motion for costs. Thus, according to Fitbit, the 30-day clock in Local Civil Rule 54.1(a)(1)(A) had not started to run when Fitbit filed its motion for costs on July 19, 2024. See [D.E. 152] 2; Fed. R. Civ. P. 58(a). Alternatively, Fitbit argues that even if the May 22, 2024 stipulation is a final judgment, Fitbit's July 19, 2024 motion for costs is timely under Local Civil Rule 54.1(a)(1)(A). See [D.E. 152] 5–6.

The court assumes without deciding that the May 22, 2024 stipulation of dismissal is a final judgment and proceeds directly to the parties' arguments about Local Civil Rule 54.1(a)(1)(A). Local Civil Rule 54.1(a)(1)(A) allows a party to request the taxation of costs within 30 days after "the expiration of time allowed for appeal of a final judgment or decree." Local Civ. R. 54.1(a)(1)(A).

With the court's assumption that the May 22, 2024, stipulation of dismissal is a final judgment, either party was allowed 30 days to file a notice of appeal. See Fed. R. App. P. 4(a)(1)(A); see, e.g., Ballard v. Madden, 73 F. App'x 519, 520–21 (2d Cir. 2003) (unpublished) (collecting cases where a party filed a notice of appeal concerning a stipulation of dismissal). Accordingly, Fitbit had until June 21, 2024, to file a notice of appeal. See Fed. R. App. P.

5

4(a)(1)(A). Thus, under Local Civil Rule 54.1(a)(1)(A), Fitbit had to file its motion for costs within 30 days of June 21, 2024 (i.e., not later than July 21, 2024). Because Fitbit filed its motion for costs on July 19, 2024, Fitbit's motion is timely.

In opposition, Valencell argues that this court must assess the viability of an appeal in each case to determine when the deadline is under Local Civil Rule 54.1(a)(i)(A) to request the taxation of costs. According to Valencell, any appeal of Fitbit concerning the May 22, 2024 stipulation of dismissal would not have been viable; therefore, Fitbit's 30-day clock began running on May 22, 2024.

The court rejects Valencell's argument. See Clark v. Housing Auth. of Alma, 971 F.2d 723, 727–28 (11th Cir. 1992). In Clark, plaintiffs filed a motion for attorney's fees after the entry of a consent decree. Id. at 724. The district court denied the motion as untimely under the applicable local rule, which required motions for attorney's fees to be filed "at least ten (10) days prior to the expiration of the time within which such opposing parties can file a timely notice of appeal from the judgment" under the Federal Rules of Appellate Procedure. Id. at 725. The plaintiffs in Clark argued that the local rule did not apply because the consent decree was not an appealable order. Id. The Eleventh Circuit rejected that argument, observing that appellate review of a consent decree could occur under limited circumstances. Id. at 725–26. The Eleventh Circuit explained that the local rule "is tied to the time when an appeal can be filed. The [local rule] makes no exceptions for cases in which an appeal will not lie, cannot lie, or should not lie." Id. at 727.

Here, assuming without deciding that the May 22, 2024 stipulation of dismissal was a final judgment, either party had 30 days after filing the stipulation of dismissal on May 22, 2024, to file a notice of appeal. See Fed. R. App. P. 4(a)(1)(A). Thus, the deadline to file a notice of appeal was June 21, 2024. See id. Accordingly, under Local Civil Rule 54.1(a)(1)(A), Fitbit had an

6

additional 30 days, or until July 21, 2024, to file its motion for costs, and Fitbit's July 19, 2024 motion for costs is timely.

Fitbit seeks $47,822.83 in costs for transcript fees under. See 28 U.S.C. § 1920(2); [D.E.148-1]; [D.E. 149-1]; [D.E. 149-2]. Local Civil Rule 54.1(d) provides that the costs incident to taking depositions normally include only the reporter's fee and charge for one transcript of the deposition. See Local Civ. R. 54.1(d)(1)(a). This court has interpreted this rule to bar costs for postage, shipping and handling, deposition exhibit fees, expedited processing, and ASCII charges. See, e.g., Pinnix v. SSC Silver Stream Operating Co. LLC, No. 7:14-CV-161, 2018 WL 4621909, at *3 (E.D.N.C. Sept. 26, 2018) (unpublished); Har-Tzion v. Waves Surf & Sport, Inc., No. 7:08-CV-137, 2011 WL 3421323, at *3 (E.D.N.C. Aug. 4, 2011) (unpublished). To the extent that Fitbit requests costs for these nontaxable items, they are disallowed. In all other respects, the court grants Fitbit's motion for costs. Thus, the court awards costs in the amount of $27,866.10 to Fitbit.[3]

---

[3] The taxable costs include:

(1) deposition of Jacob Franklin transcript ($276.00) and appearance fee ($27.50);
(2) deposition of Jesse B. Tucker, Ph.D transcript ($1,465.45) and appearance fee ($110.00);
(3) deposition of Michael Aumer, Ph.D transcript ($1,809.10) and appearance fee ($110.00);
(4) deposition of Mark Felice transcript ($1,722.20) and appearance fee ($110.00);
(5) deposition of Steven LeBeouf, Ph.D transcript ($1,236.35) and appearance fee ($110.00);
(6) deposition of Erich Walker-Faust transcript ($387.10) and appearance fee ($55.00)
(7) deposition of Todd Ackman transcript ($900.60) and appearance fee ($110.00)
(8) deposition of David M. Quong transcript ($746.55);
(9) deposition of Steven Just transcript ($1,145.50) and appearance fee ($110.00);
(10) deposition of Lindsay Cook transcript ($841.35);
(11) deposition of Subramaniam Venkatraman transcript ($1,054.65);
(12) deposition of Ryan Kraudel transcript ($1,109.95) and appearance fee ($110.00);
(13) deposition of Edward M. Scal transcript ($335.75);
(14) deposition of Shelten Gee Jao Yuen transcript ($647.80);
(15) video deposition of Jesse B. Tucker ($1,450.00);
(16) video deposition of Jacob Fraden ($625.00);
(17) video deposition of Erich Walker Faust ($478.00);

III.

In sum, the court GRANTS defendant's consent motion for extension of time [D.E. 151] and GRANTS IN PART defendant's motion for costs [D.E. 148]. The court taxes costs against plaintiff in the amount of $27,866.10.

SO ORDERED. This the 8 day of March, 2025.

JAMES C. DEVER III
United States District Judge

---

(18) video deposition of Mark Felice ($1,303.00);
(19) video deposition of Michael Aumer, Ph.D ($1,525.00);
(20) video deposition of Steven LeBeouf, Ph.D ($1,771.75);
(21) video deposition of Todd Ackman ($1,303.00);
(22) video deposition of David M. Quong ($778.00);
(23) video deposition of Steven Just ($1,075.00);
(24) video deposition of Edward M. Scal ($151.50);
(25) video deposition of Lindsay Cook ($400.00);
(26) video deposition of Shelten Gee Jao Yuen ($437.50)
(27) video deposition of Subramaniam Venkatraman ($662.50); and
(28) video deposition of Ryan Kraudel ($1,375.00).

See [D.E. 149-2] 2–56.